# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAKE MILLER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>S&S HAY COMPANY, SKYE SAUER, and ARI SCHIFF,<br><br>　　　　　　Defendants. | 1:12-CV-01796-LJO-SMS<br><br>**ORDER ON MOTION TO DISMISS**<br>(Doc. 14) |

## PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to consider consent to a Magistrate Judge to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division

randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges.  In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California.

## INTRODUCTION

On November 2, 2012 Plaintiff William Jake Miller ("Miller") brought this action for violation of the California Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code §§ 17200, et seq. against Defendants S&S Hay Company ("S&S Hay"), Skye Sauer ("Sauer"), and Ari Schiff ("Schiff") (collectively "Defendants").  Defendants filed the instant motion to dismiss under Fed. R. Civ. P. 9(b), 12(b)(2), 12(b)(3), and 12(b)(6) on January 7, 2013.  As discussed further below, the Court DISMISSES with leave to amend Miller's complaint.

## BACKGROUND

This action involves the issue of trying to find $112,750 in a 500 ton haystack.

In July 2008, Miller entered into a verbal agreement with S&S Hay through Sauer under which S&S Hay would deliver 500 tons of dry cow hay to Miller for the sum of $112,750.  Miller made payment to S&S Hay, and S&S Hay delivered the hay in August 2008.  Miller found that the hay S&S Hay delivered was substandard and did not conform to the terms of the agreement.  S&S Hay removed the hay and resold it soon thereafter.

Miller requested a full refund from S&S Hay and Sauer.  Sauer, on behalf of S&S Hay, refused and instead offered Miller "in house" credit for that amount.  Sauer indicated this decision was made in conjunction with Schiff, his partner at S&S Hay, and was non-negotiable.

Miller filed suit against S&S Hay and Sauer in Kings County Superior Court alleging breach of oral contract, intentional and negligent misrepresentation, false promise, and conversion.  On October 26, 2009, Miller obtained a default judgment against S&S Hay and Sauer for $112,750 plus interest accruing at the rate of 10% per annum from September 5, 2008, in addition to $750 in costs.

S&S Hay and Sauer have not paid any of the judgment, and Miller has been unable to collect on the judgment.  Miller alleges that Sauer and Schiff have taken affirmative steps to prevent Miller from collecting on the judgment.  Specifically, Miller alleges that S&S Hay either has let its

2

commercial liability insurance lapse or has failed to report Miller's claim to S&S Hay's insurer. S&S Hay also has stopped doing business with California entities known to Miller to avoid potential liens. Lastly, Miller alleges that Sauer has transferred and concealed his assets.

On November 2, 2012, Miller initiated this action for violation of the UCL, Cal. Bus. and Prof. Code §§ 17200, et seq., against Defendants in this Court on the basis of diversity jurisdiction. Miller seeks restitution and compensatory damages, pre- and post-judgment interest, and costs and fees.[1] Defendants filed the instant motion to dismiss under Fed. R. Civ. P. 9(b), 12(b)(2), 12(b)(3), and 12(b)(6) on January 7, 2013. Miller filed an opposition on February 19, 2013, and Defendants did not file a reply.

## DISCUSSION

### Motion to Dismiss

**A.  12(b)(2) Lack of Personal Jurisdiction**

    **1.  Legal Standard**

Fed. R. Civ. P. 12(b)(2) allows a defendant to challenge a complaint "for lack of jurisdiction over the person" as a threshold issue. A district court's determination whether to exercise personal jurisdiction is a question of law. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir.2002). Although defendant is the moving party on the motion to dismiss, plaintiff is the party who invoked the court's jurisdiction. Therefore, plaintiff bears the burden of proof on the necessary jurisdictional facts; e.g., the existence of "minimum contacts" between defendant and the forum state. *Id*.

When defendant's motion to dismiss is made as its initial response and the court decides the motion without conducting an evidentiary hearing, plaintiff need only make a prima facie showing that personal jurisdiction exists. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.1995). A "prima facie" showing means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. *See*, *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd*., 328 F.3d 1122, 1129 (9th Cir.2003). The complaint's uncontroverted factual

---

[1] Miller acknowledges that compensatory damages are not available under the UCL and states that by "compensatory damages," he only meant restitution.

3

allegations must be accepted as true, and any factual conflicts in the parties' declarations must be resolved in plaintiff's favor. *Id*. To defeat plaintiff's prima facie showing of jurisdiction on a Fed. R. Civ. P. 12(b)(2) motion, defendants must demonstrate the presence of other considerations that would render personal jurisdiction unreasonable. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998).

The Court considers both state and federal law in a personal jurisdiction challenge. California's long-arm statute authorizes the exercise of personal jurisdiction on any basis not inconsistent with the state or federal constitution. Cal.Code Civ. Proc. § 410.10. As to federal law, "[e]xercise of in personam jurisdiction over an out-of-state defendant is limited by the Due Process Clause of the Fourteenth Amendment." *Tuazon v. R.J. Reynolds Tobacco Co*., 433 F.3d 1163, 1168-69 (9th Cir.2006) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984)). Based on considerations of Due Process and California's long-arm statute, two recognized bases exist for personal jurisdiction over nonresident defendants: (1) "general jurisdiction" which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters; and (2) "specific" or "limited" jurisdiction which arises out of the defendant's contacts with the forum giving rise to the subject of the litigation. *Helicopteros Nacionales*, 466 U.S. at 414. Absent a traditional basis for jurisdiction (presence, domicile or consent), due process requires that the defendant have "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

**2.     Analysis**

Defendants claim that this Court lacks both general and specific personal jurisdiction over S&S Hay, Sauer, and Schiff. Miller only seeks to establish specific personal jurisdiction over Defendants. As to specific jurisdiction, Defendants argue that the Court should consider only Defendants' contacts with the forum for the period after the entry of the default judgment. Miller contends that the Court should consider Defendants' contacts with the forum prior to entry of the default judgment because Miller's current UCL claim is based on Defendants' entire course of dealing with Miller.

Specific or limited jurisdiction arises from defendants' contacts with the forum state that give rise to the subject of the action. The Ninth Circuit uses a three-part test to determine whether the district court may exercise specific jurisdiction over a nonresident defendant:

> (a) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections;
>
> (b) The claim must be one which arises out of or results from the defendant's forum-related activities, and
>
> (c) Exercise of jurisdiction must be reasonable.

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir.1995) (quoting *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir.1977)). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

The Ninth Circuit also has stated that "courts must examine the defendant's contacts with the forum at the time of the events underlying the dispute when determining whether they have jurisdiction." *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987). "When a court is exercising specific jurisdiction over a defendant arising out of or related to the defendant's contacts with the forum, the fair warning that due process requires arises not at the time of the suit, but when the events that gave rise to the suit occurred." *Id.* (quoting *Helicopteros Nacionales*, 466 U.S. at 414). As the Ninth Circuit observed, "[o]ne may create diversity jurisdiction by a move to a different state, but one cannot defeat personal jurisdiction by a move away from the state in which the underlying events took place." *Id. See*, *Arizona Barite Co. v. Western-Knapp Eng'g Co.*, 170 F.2d 684 (9th Cir.1948) (finding that cessation of business in state does not insulate corporation from jurisdiction for acts committed while doing business).

Miller's complaint on its face states that his UCL cause of action is based on his entire course of dealing with S&S Hay, Sauer, and Schiff. Defendants do not dispute that S&S Hay engaged

in a transaction that substantially occurred in California, was consummated in California, and was paid for with funds from California with Miller, a California resident.  Defendants also do not dispute that Sauer and Schiff were partners at S&S Hay at the time of its transaction with Miller.  Finally, Defendants do not present any compelling reasons why the exercise of jurisdiction would be unreasonable.  Therefore, Miller establishes a prima facie case for specific jurisdiction and Defendants fail to defeat it.

For these reasons, Defendants' motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) is DENIED.

**B.    12(b)(3) Improper Venue**

  1.    **Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(3) is a challenge to the propriety of the plaintiff's choice of venue.  *See*, Fed. R. Civ. P. 12(b)(3).  In federal actions, "whether resting on diversity or federal question jurisdiction, venue is proper in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2798 (2011) (quoting 28 U.S.C. § 1391(a)-(b)).  "Section 1391(b)(2) does not require that a majority of the events have occurred in the district where suit is filed, nor does it require that the events in that district predominate." *Rodriguez v. California Highway Patrol*, 89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000).  All that a plaintiff needs to show is that a substantial part of the events giving rise to their claims occurred in this district. *Id*.

If the court concludes that venue is improper, the court has discretion to dismiss the action or, if it is in the interests of justice, transfer the case to a district in which the case could have been brought. 28 U.S.C. § 1406(a); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

  2.    **Analysis**

Using much of the same reasoning as in their argument that the Court lacks specific personal jurisdiction, Defendants argue that the facts and circumstances for the time period following the default judgment render venue improper in this district.  Specifically, Defendants argue that their conduct in failing to pay the default judgment and ceasing to do business in California following the default judgment did not "occur" in California such that venue would be proper in this district.

As discussed above, the complaint states that the UCL claim is based on Miller's entire course of dealing with Defendants. Defendants offer no affidavits or other evidence to contradict Miller's factual allegations regarding Miller's interactions with Defendants or Defendants' conduct both prior to and following the default judgment. *See*, *Allstar Mktg. Group, LLC v. Your Store Online*, LLC, 666 F. Supp. 2d 1109, 1129 (C.D. Cal. 2009) (holding that plaintiffs on a motion to dismiss for improper venue may rely on the allegations in their complaint to establish venue to the extent those allegations are not controverted by defendant's evidence.). Miller alleges and Defendants offer no evidence to contradict that Miller negotiated and reached an oral agreement with S&S Hay and Sauer in this district for a transaction that was consummated in this district for goods that were delivered in this district and was paid for with funds in this district. Further, Defendants' conduct in failing to pay the default judgment, and, allegedly, in taking steps to prevent Miller's collection on the default judgment, had effects in this district. Therefore, Miller's UCL claim is properly brought in this district under 28 U.S.C. § 1391.

For these reasons, Defendants' motion to dismiss Miller's complaint for improper venue under Fed. R. Civ. P. 12(b)(3) is DENIED.

**C.    12(b)(6) Failure to State a Claim**

    **1.    Legal Standard**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir.1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir.2008).

To survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads

7

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief'" *Id*. (citing *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions ... amount[ing] to nothing more than a formulaic recitation of the elements ... are not entitled to be assumed true." *Iqbal*, 129 S.Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir.2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal.1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir.1990) (citations omitted).

**2.     Analysis**

Defendants argue that Miller's UCL claim is subject to dismissal under Fed. R. Civ. P. 12(b)(6). However, Miller and Defendants contend that the doctrine of res judicata or claim preclusion does not apply to bar this action. The Court disagrees.

"Under 28 U.S.C. § 1738, federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d

1262, 1268 (9th Cir. 2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ*., 465 U.S. 75, 84 (1984), *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir.2004)). "California law holds a final judgment of a state court 'precludes further proceedings if they are based on the same cause of action.'" *Id*. (quoting *Maldonado*, 370 F.3d at 952). "Unlike the federal courts, which apply a 'transactional nucleus of facts' test, 'California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes.'" *Id*. "Under this theory, 'a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty.'" *Id*. (quoting *City of Martinez v. Texaco Trading & Transp*., Inc., 353 F.3d 758, 762 (9th Cir.2003)). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id*. (quoting *Eichman v. Fotomat Corp*., 147 Cal.App.3d 1170, 1174 (1983)).

Both this action and the state court case in which Miller obtained a default judgment fundamentally involve Miller's primary right to recover the $112,750 that he paid to Defendants and Defendants' failure and/or refusal to return that amount thus causing injury to Miller. Miller's allegations of additional facts, specifically that Defendants have failed to pay the default and have taken affirmative steps to prevent Miller from collecting the default judgment, to support recovery do not create a primary right in this action that is separate and distinguishable from the right to the relief awarded in the King's County Superior Court case. Moreover, as Miller recognizes, approving the use of UCL claims essentially to enforce prior judgments would be improper both as to law and public policy. This Court declines to do so.

Defendants argue that res judicata does not apply because a default judgment is not a final judgment on the merits as required for preclusion. However, the California Supreme Court has stated that "a judgment of default in a civil proceeding is 'res judicata as to all issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint.'" *Murray v. Alaska Airlines*, Inc., 50 Cal. 4th 860, 871 (2010) (quoting *Fitzgerald v. Herzer*, 78 Cal.App.2d 127, 132 (1947)). This is because, under California law, "[i]t is

the opportunity to litigate that is important in these cases, not whether the litigant availed himself or herself of the opportunity." *Id*. (quoting *Rymer v. Hagler*, 211 Cal.App.3d 1171, 1179 (1989), *Teitelbaum Furs, Inc. v. Dominion*, 58 Cal.2d 601, 607 (1962)).  Therefore, "[t]he [default] judgment is, in consequence, res judicata on the issue of the right to the relief awarded." *Steven M. Garber & Associates v. Eskandarian*, 150 Cal. App. 4th 813, 823 (2007) (quoting 6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 153, p. 570).

Miller and Defendants also contend that res judicata does not apply because Schiff was not a party to the previous action and was not in privity with any party to the previous action.  "The privity doctrine precludes non-parties from relitigating a case when there is 'such an identification in interest of one person with another as to represent the same legal rights.'" *Bates v. Jones*, 904 F. Supp. 1080, 1088 (N.D. Cal. 1995) (quoting *Clemmer v. Hartford Ins. Co*., 22 Cal.3d 865, 875 (1978)).  "Privity is an extremely flexible concept." *Id*.  "Privity is essentially a shorthand statement that collateral estoppel is to be applied in a given case; there is no universally applicable definition of privity." *Id*. at 1088-89 (quoting *Lynch v. Glass*, 44 Cal.App.3d 943, 947 (1975)).  In considering legal relationships that justify non-party preclusion, the Ninth Circuit has stated that privity arose traditionally where "two parties have identical or transferred rights with respect to a particular legal interest." *Headwaters Inc. v. U.S. Forest Serv*., 399 F.3d 1047, 1053 (9th Cir.2005).  The relationship between partners and their partnerships is among the relationships the Ninth Circuit described as meeting this criteria. *See*, *id*.; *see also*, *Kono Enters., Inc. v. Estate of Bishop ex rel. Peters*, 243 Fed. Appx. 274, 278 (9th Cir. 2007).  Here, Schiff and Sauer were the only partners at S&S Hay, and both S&S Hay and Sauer were parties to the prior litigation.  Further, the decision to refuse to refund the $112,750 to Miller was made by both Sauer and Schiff.  Moreover, there is no evidence that Schiff possesses rights or interests with regard to the legal interest at issue both in the prior case and in this action that are separate from those held by S&S Hay and Sauer.  The parties also present no evidence that Schiff's being bound by the outcome of prior case would violate fairness or due process.  Therefore, for the purpose of prelusion in this matter, privity exists between Schiff, S&S Hay, and Sauer.

Finally, Miller argues that this Court may not *sua sponte* consider the issue of preclusion.  The Ninth Circuit has held that, as a general matter, a court may, *sua sponte*, dismiss a case on

preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties had been resolved. *Headwaters Inc.*, 399 F.3d at 1054-55 (quoting *Evarts v. W. Metal Finishing Co.*, 253 F.2d 637, 639 n. 1 (9th Cir.1958)). The Ninth Circuit cautioned against taking such a course of action "where the parties were not given any opportunity to be heard on the issue." *Id*. at 1055. Here, however, the parties submitted supplemental briefing specifically on the issue of preclusion, and the Court has reviewed and considered carefully the parties' submissions. *See*, *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir.1986) (affirming a dismissal entered after the parties filed post-trial briefs on a res judicata question initially raised by the bankruptcy court), *Hawkins v. Risley*, 984 F.2d 321 (9th Cir.1993) (per curiam) (affirming a dismissal after the parties had adequate opportunity to examine and contest the application of preclusion before the district court), *Favish v. Office of Indep. Counsel*, 217 F.3d 1168, 1171 (9th Cir.2000) (noting that the district court raised collateral estoppel *sua sponte* but provided the parties an opportunity to argue). Therefore, the Court sees no danger of "eroding the principle of party presentation" in considering the issue of preclusion here. *Arizona v. California*, 530 U.S. 392, 412-13 (2000).

Because this action involves the same injury to Miller with the same primary right at stake as in the Kings County Superior Court case, despite the addition of new facts to support recovery or new theories of recovery, Miller's UCL claim is precluded under California law. *Eichman*, 147 Cal.App.3d at 1174. Accordingly, Miller's complaint is DISMISSED.

### CONCLUSION AND ORDER

For the reasons discussed above, Miller's complaint is DISMISSED with leave to amend. Miller shall have ***one opportunity*** to file and serve an amended complaint in an attempt to cure the deficiencies described herein. Any such amended complaint shall be filed and served within 20 days of electronic service of this order, otherwise this Court will dismiss this action. Defendants no later

/ / /
/ / /
/ / /
/ / /
/ / /

than 20 days after service of the amended complaint shall file a response thereto.

IT IS SO ORDERED.

Dated:   **March 26, 2013**                              **/s/ Lawrence J. O'Neill**
                                                              UNITED STATES DISTRICT JUDGE