# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAKE MILLER,<br><br>        Plaintiff,<br><br>   v.<br><br>S&S HAY COMPANY, SKYE SAUER, and ARI SCHIFF,<br><br>        Defendants. | 1:12-CV-01796-LJO-SMS<br><br>**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>(Docs. 24, 25) |

**PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to consider consent to a Magistrate Judge to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases.

## INTRODUCTION

On November 2, 2012, Plaintiff William Jake Miller ("Miller") brought this action for violation of the California Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code §§ 17200, et seq.,

1

against Defendants S&S Hay Company ("S&S Hay"), Skye Sauer ("Sauer"), and Ari Schiff ("Schiff") (collectively "Defendants"). On March 27, 2012, this Court granted with leave to amend Defendants' motion to dismiss Miller's complaint. Miller filed a first amended complaint on April 14, 2013. Defendants filed the instant motion to dismiss Miller's amended complaint on April 15, 2013. As discussed further below, the Court ORDERS the parties to show cause whether this Court should transfer this action to the District of Arizona pursuant to 28 U.S.C.A. § 1406 and STAYS the instant motion to dismiss pending this Court's determination as to venue transfer.

## BACKGROUND

On October 26, 2009, Miller obtained a default judgment in Kings County Superior Court against S&S Hay and Sauer for $112,750 plus interest and costs on claims of breach of oral contract, intentional and negligent misrepresentation, false promise, and conversion.

S&S Hay and Sauer have not paid the judgment, and Miller has been unable to collect on the judgment. Miller alleges that Sauer and Schiff have taken affirmative steps to wrongfully prevent Miller from collecting on the judgment. Specifically, Miller alleges that, following service of the default judgment, S&S Hay stopped doing business in California and then stopped doing business altogether to prevent the attachment of any of S&S Hay's funds or any funds payable to S&S Hay. In addition, Sauer was removed from S&S Hay some two weeks after Miller domesticated and instituted collection proceedings in Arizona. Miller also alleges that fifteen business entities pertaining to one or more of the Defendants were formed following the default judgment. This includes entities in Wyoming and Montana, to which Defendants could divert income and assets outside of the states where Miller had domesticated the judgment.

On November 2, 2012, Miller initiated this action for violation of the UCL against Defendants in this Court on the basis of diversity jurisdiction. Defendants filed a motion to dismiss under Fed. R. Civ. P. 9(b), 12(b)(2), 12(b)(3), and 12(b)(6) on January 7, 2013. This Court granted with leave to amend Defendants' motion to dismiss Miller's complaint on the basis of res judicata on March 27, 2013. Miller filed an amended complaint on April 14, 2013. Miller seeks restitution, pre- and post-judgment interest, and costs and fees. Defendants filed a motion to dismiss Miller's amended complaint on April 15, 2013, and re-submitted it on April 17, 2013. Miller filed an opposition on April

25, 2013, and Defendants did not file a reply.

## DISCUSSION

### Motion to Dismiss

**A.     12(b)(6) Failure to State a Claim**

    **1.     Legal Standard**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir.2008).

To survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Ail. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief" *Id.* (citing *Twombly*, 550 U.S. at 557).

 "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions ... amount[ing] to nothing more than a formulaic recitation of the elements ... are not entitled to be assumed true." *Iqbal*, 129 S.Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted

inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir.2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal.1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)).

### 2. Analysis

This Court dismissed Miller's original complaint on the basis of res judicata. In their prior supplemental briefing, Defendants had argued that res judicata does not apply in this action. Now, in support of their motion to dismiss Miller's amended complaint, Defendants make no arguments other than, "[f]or precisely those reasons described in the Order dated March 26, 2013, Plaintiff's First Amended Complaint should be dismissed."

#### i. Res Judicata

As explained in the previous order, California's primary rights analysis provides that, "'a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty.'" *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting *City of Martinez v. Texaco Trading & Transp.*, Inc., 353 F.3d 758, 762 (9th Cir.2003)). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id*. (quoting *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1174 (1983)).

The Court held that both Miller's original complaint and the state court case in which Miller obtained a default judgment fundamentally involve Miller's primary right to recover the $112,750 that he paid to Defendants and Defendants' failure and/or refusal to return that amount thus causing injury to Miller. In his amended complaint, Miller seeks to overcome this by only basing his UCL claim on

and making more allegations regarding Defendants' conduct following the default judgment.

California cases have found a plaintiff's claims for contract violations against a defendant to not involve the same primary right as that plaintiff's claims in a later action for post-judgment tortious conduct against the same defendant. *See*, *Brenelli Amedeo, S.P.A. v. Bakara Furniture*, Inc., 29 Cal. App. 4th 1828, 1837 (1994) ("[T]he right to have contractual obligations performed is distinct from the right to be free from tortious behavior preventing collection of a judgment.), *Sawyer v. First City Fin. Corp.*, 124 Cal. App. 3d 390, 403 (1981) ("While the monetary loss may be measurable by the same promissory note amount, and hence in a general sense the same "harm" has been done in both cases, theoretically the plaintiffs have been "harmed" differently by tortious conduct destroying the value of the note, than by the contractual breach of simply failing to pay it.").

However, assuming that it survives res judicata, this Court finds that transfer of venue to the District of Arizona under 28 U.S.C.A. § 1406 may be appropriate because this Court may lack personal jurisdiction over Defendants.

**B.     28 U.S.C.A. § 1406**

Under 28 U.S.C.A. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  "[D]istrict courts in the Ninth Circuit may *sua sponte* transfer venue under 28 U.S.C. § 1404, or under § 1406." *Ahead, LLC v. KASC, Inc.*, 2013 WL 1747765 at *3(W.D. Wash. Apr. 23, 2013) (citing *Engel v. CBS, Inc.*, 886 F.Supp. 728, 730 (C.D. Cal. 1995) (additional internal citation omitted).  "Title 28 U.S.C. § 1406(a) has been held to authorize the transfer of a case so as to cure the lack of personal jurisdiction in the district where the case was first brought." *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) (citing *Goldlawr v. Heiman*, 369 U.S. 463, 466 (1961)).

Defendants contested this Court's personal jurisdiction over them in their motion to dismiss Miller's original complaint.  This Court concluded that it may exercise specific personal jurisdiction over Defendants where Miller based his UCL claim on his entire course of dealing with Defendants.  However, Miller now bases his UCL claim *only* on Defendants' conduct *after* he obtained the default judgment.

Defendant S&S Hay is a limited liability company registered in Arizona. Defendants Sauer and Schiff both are citizens and residents of Arizona. Miller alleges that Defendants admitted they stopped doing business in California after he filed and served a request for default judgment on August 27, 2009. Miller obtained a default judgment against Defendants on October 26, 2009. S&S Hay stopped doing business altogether in March 2010. Moreover, it is unclear what part of Defendants' alleged post-judgment conduct upon which Miller bases his claim relates to California. Miller alleges that Sauer was removed from S&S Hay shortly after Miller domesticated the default judgment in Arizona and that fifteen business entities pertaining to Defendants were formed following the default judgment. Miller alleges that some of these entities are in Arizona, Montana, and Wyoming, but does not mention whether any have ties to California.

Therefore, this Court ORDERS the parties to show cause whether this Court should transfer this action to the District of Arizona pursuant to 28 U.S.C.A. § 1406.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court:

1. ORDERS the parties no later than June 12, 2013 to file supplemental briefings on whether this Court should transfer this action to the District of Arizona pursuant to 28 U.S.C.A. § 1406, and

2. STAYS the instant motion to dismiss pending this Court's determination on transfer of venue.

IT IS SO ORDERED.

Dated:  **June 5, 2013**              /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE