# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAKE MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>S&S HAY COMPANY, SKYE SAUER, and ARI SCHIFF,<br><br>    Defendants. | 1:12-CV-01796-LJO-SMS<br><br>**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>(Docs. 24, 25) |

## INTRODUCTION

On November 2, 2012, Plaintiff William Jake Miller ("Miller") brought this action for violation of the California Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code §§ 17200, et seq., against Defendants S&S Hay Company ("S&S Hay"), Skye Sauer ("Sauer"), and Ari Schiff ("Schiff") (collectively "Defendants"). On March 27, 2012, this Court granted with leave to amend Defendants' motion to dismiss Miller's complaint. Miller filed a first amended complaint on April 14, 2013. Defendants filed the instant motion to dismiss Miller's amended complaint on April 15, 2013. As discussed further below, the Court DENIES Defendants' motion to dismiss Miller's amended complaint.

## BACKGROUND

On October 26, 2009, Miller obtained a default judgment in Kings County Superior Court against S&S Hay and Sauer for $112,750 plus interest and costs on claims of breach of oral contract, intentional and negligent misrepresentation, false promise, and conversion.

S&S Hay and Sauer have not paid the judgment, and Miller has been unable to collect on the

1

1 judgment. Miller alleges that Sauer and Schiff have taken affirmative steps wrongfully to prevent
2 Miller from collecting on the judgment. Specifically, Miller alleges that, following service of the
3 default judgment, S&S Hay stopped doing business in California and then stopped doing business
4 altogether to prevent the attachment of any of S&S Hay's funds or any funds payable to S&S Hay. In
5 addition, Sauer was removed from S&S Hay some two weeks after Miller domesticated and instituted
6 collection proceedings in Arizona. Miller also alleges that fifteen business entities pertaining to one or
7 more of the Defendants were formed following the default judgment. These include entities in
8 Wyoming and Montana, to which Defendants could divert income and assets outside of the states
9 where Miller had domesticated the judgment.

10 On November 2, 2012, Miller initiated this action for violation of the UCL against
11 Defendants in this Court on the basis of diversity jurisdiction. Defendants filed a motion to dismiss
12 under Fed. R. Civ. P. 9(b), 12(b)(2), 12(b)(3), and 12(b)(6) on January 7, 2013. This Court granted
13 with leave to amend Defendants' motion to dismiss Miller's complaint on the basis of res judicata on
14 March 27, 2013. Miller filed an amended complaint on April 14, 2013. Defendants filed a motion to
15 dismiss Miller's amended complaint on April 15, 2013, and re-submitted it on April 17, 2013. Miller
16 filed an opposition on April 25, 2013, and Defendants did not file a reply. In compliance with this
17 Court's order to show cause, the parties submitted supplemental briefing on whether this action should
18 be transferred to the District of Arizona pursuant to 28 U.S.C.A. § 1406. This Court stayed the instant
19 motion to dismiss pending its determination on transfer of venue.

## DISCUSSION

### Transfer of Venue

**A.    28 U.S.C.A. § 1406**

23 Under 28 U.S.C.A. § 1406, "[t]he district court of a district in which is filed a case laying
24 venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such
25 case to any district or division in which it could have been brought." "[D]istrict courts in the Ninth
26 Circuit may *sua sponte* transfer venue under 28 U.S.C. § 1404, or under § 1406." *Ahead, LLC v.*
27 *KASC, Inc.*, 2013 WL 1747765 at *3 (W.D. Wash. Apr. 23, 2013) (citing *Engel v. CBS, Inc.*, 886
28 F.Supp. 728, 730 (C.D. Cal. 1995) (additional internal citation omitted). "Title 28 U.S.C. § 1406(a)

has been held to authorize the transfer of a case so as to cure the lack of personal jurisdiction in the district where the case was first brought." *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) (citing *Goldlawr v. Heiman*, 369 U.S. 463, 466 (1961)).

Miller argues that venue is not improper in this Court because this Court does not lack specific personal jurisdiction under the "effects" test laid out by the United States Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984).

The Ninth Circuit employs a three-part test to determine whether a defendant has sufficient minimum contacts to be subject to specific personal jurisdiction:[1]

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)).

   **a.**   *Calder* **Test**

The first prong of the test for personal jurisdiction may be satisfied by "demonstrating that the defendant either purposefully availed itself of the privilege of conducting activities in the forum, or purposefully directed its activities at the forum." *Id*. Miller's claim for violation of the UCL sounds more in tort than in contract, so the appropriate inquiry is "whether a defendant purposefully direct[s] his activities at the forum state[.]" *Id*. at 672-73 (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc)). This "purposeful direction" or "effects" test is based on *Calder*. *Id*. It "requires that the defendant have '(1) committed an intentional act, (2) expressly

---

[1] In their supplemental briefing, neither party provided full analysis of this test. Miller's arguments focused on the *Calder* "effects" test, which only applies to the first prong. Defendants gave cursory treatment to the first and second prongs and did not mention the third.

3

aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 805 (9th Cir. 2004) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

### i. Intentional Act

Miller alleges that Sauer was removed from S&S Hay, that S&S Hay ceased doing business, and that Defendants formed fifteen other business entities following the default judgment. Miller sufficiently alleges intentional acts by Defendants. *Schwarzenegger*, 374 F.3d at 806 ("We construe 'intent' in the context of the 'intentional act' test as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act.").

### ii. Express Aiming

Defendants also must have "expressly aimed" their intentional acts – removal of Sauer, cessation of business, and formation of fifteen other business entities – at California. *Id*. Interpretation of this prong of the *Calder* analysis has been problematic in the Ninth Circuit. A recent Ninth Circuit decision on this specific issue drew multiple dissents from the order denying rehearing en banc, a strongly worded reproach from the panel majority in the opinion, as well as an equally emphatic dissent from the opinion. *Fiore v. Walden*, 688 F.3d 558 (9th Cir. 2012). This disagreement within the Ninth Circuit, perhaps along with disagreement with other circuits, apparently prompted the United States Supreme Court to grant certiorari in that case. *Walden v. Fiore*, 133 S. Ct. 1493 (2013), *Fiore*, 688 F.3d at 565 ("The majority of circuits have held that, under *Calder*, a defendant must expressly aim the conduct forming the basis of the claim *at the forum state*—not just at a known forum resident—before the courts of that state may exercise jurisdiction over the defendant.") (O'Scannlain, J. dissenting) (emphasis in the original). Judge O'Scannlain's dissent from the denial of rehearing en banc, with which four other circuit judges concurred, recognizes that there is "a conflict in our own circuit over how to interpret and to apply *Calder*'s express-aiming requirement." 688 F.3d at 566 (O'Scannlain, J. dissenting).

The dissent states that "[t]his tension in our circuit law was cemented into a square conflict in *Brayton Purcell LLP v. Recordon & Recordon*, which upheld the exercise of personal jurisdiction because the defendant's allegedly tortious conduct individually targeted the plaintiff (a resident of the

4

forum), even though the defendant did not expressly aim his conduct at the forum." *Id*. (citing 606 F.3d 1124 (9th Cir. 2010)). Here, Miller argues that this prong of the *Calder* test is satisfied because "the defendants committed intentional wrongful acts directed at a plaintiff they knew to be a California resident." The Court acknowledges the variety of interpretations given to the "expressly aimed" requirement. However, the Ninth Circuit has held that this requirement is satisfied where defendants target a known forum resident. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1073 (9th Cir. 2001) (finding that personal jurisdiction in Nevada is proper because defendant's conduct "individually targeted" plaintiffs, who defendant "knew were Nevada residents"); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc*., 223 F.3d 1082, 1087 (9th Cir. 2000) (finding the express-aiming requirement met when "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state"). In fact, despite the inconsistency of standards applied, the Ninth Circuit has not held a defendant's conduct that targeted a known forum resident to be insufficient to satisfy the express-aiming requirement. *See*, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1157 (9th Cir. 2006) (distinguishing cases where "individualized targeting was present" and finding lack of personal jurisdiction because "Caddy has hatched no such plan directed at Pebble Beach."), *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 807 (9th Cir. 2004) (distinguishing cases where defendants' conduct was individually targeted at forum resident plaintiffs and finding lack of personal jurisdiction because "Fred Martin's express aim was local."); *see also*, *Bancroft*, 223 F.3d at 1088 ("The presence of individualized targeting is what separates these cases from others in which we have found the effects test unsatisfied."). Therefore, because Miller alleges that Defendants' conduct individually targeted him to frustrate his judgment collection efforts, the express-aiming requirement of *Calder* is satisfied.

### iii. Foreseeable Harm

The Calder test also requires that the conduct at issue caused foreseeable harm in the forum. The foreseeable harm element "is satisfied when defendant's intentional act has 'foreseeable effects' in the forum." *Brayton Purcell*, 606 F.3d at 1131 (quoting *Yahoo!*, 433 F.3d at 1207). Here, it was foreseeable that Defendants' conduct would result in Miller's inability to collect on the default judgment. It was also foreseeable that the harm would occur in California, where Miller was known to

reside. Therefore, the final prong of the *Calder* test is satisfied.

### b. Causation

For this Court to exercise specific personal jurisdiction, Defendants' contacts constituting the purposeful direction must be the ones giving rise to the current suit. *Bancroft*, 223 F.3d at 1088. The Ninth Circuit follows the "but for" test to determine forum-related conduct. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir.2007) (quoting *Myers*, 238 F.3d at 1075). Here, Miller would not have brought suit for unfair business practices against Defendants but for Defendants' conduct that prevented Miller from collecting the default judgment. Therefore, the requirement is met.

### c. Reasonableness

Finally, the exercise of specific jurisdiction must be reasonable and comport with fair play and substantial justice. The reasonableness determination requires the consideration of several specific factors: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). *Burger King* explicitly places upon the defendant the burden of demonstrating unreasonableness and requires the defendant to put on a "compelling case." *Id*.

Defendants here wholly failed to address the third prong of the specific personal jurisdiction test. Defendants "ha[ve] not demonstrated any hardship or any other specific factor suggesting that jurisdiction in California would be unreasonable." *Bancroft*, 223 F.3d at 1089. Therefore, the Court concludes that the reasonable requirement is met. *Id*.

Because this Court does not lack specific personal jurisdiction over Defendants, this Court will not transfer this matter to the District of Arizona pursuant to 28 U.S.C.A. § 1406.

## Motion to Dismiss

## Fed. R. Civ. P. 12(b)(6) Failure to State a Claim

**A.   Legal Standard**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is a challenge to the sufficiency of the

6

allegations set forth in the complaint. A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Ail. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief" *Id*. (citing *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions ... amount[ing] to nothing more than a formulaic recitation of the elements ... are not entitled to be assumed true." *Iqbal*, 129 S.Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (internal citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under

some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

### B. Analysis

This Court dismissed Miller's original complaint on the basis of res judicata. This Court found that both Miller's original complaint and the state court case in which Miller obtained a default judgment involved Miller's primary right to recover the $112,750 that he paid to Defendants and Defendants' withholding that amount thus causing injury to Miller. Here, Miller only bases his amended complaint on Defendants' conduct following the default judgment. In their motion to dismiss Miller's amended complaint, Defendants make no arguments other than, "[f]or precisely those reasons described in the Order dated March 26, 2013, Plaintiff's First Amended Complaint should be dismissed."

Where a plaintiff obtains a favorable final judgment against a defendant for breach of contract, is prevented from collecting that judgment by the defendant's allegedly wrongful acts, and brings another action against the defendant on the basis of the defendant's post-judgment conduct, California courts have found the two actions to involve different primary rights.

In *Brenelli Amedeo, S.P.A. v. Bakara Furniture*, the plaintiff obtained a judgment against the defendant corporation for breach of contract, conversion, common counts, and declaratory relief. 29 Cal. App. 4th 1828 (1994). The defendant corporation filed for bankruptcy, and no part of the plaintiff's judgment was satisfied through the bankruptcy estate. *Id*. The plaintiff then brought an action for alter ego liability, fraudulent conveyance, conspiracy to fraudulently transfer corporate assets, accounting of profits, intentional misrepresentation of fact, suppression of fact, conspiracy to defraud, and conversion. *Id*. The trial court sustained the defendant's demurrer. *Id*. Specifically, the trial court found that res judicata barred the plaintiff's claims for intentional misrepresentation of fact, suppression of fact, conspiracy to defraud, and conversion. *Id*. The Second Appellate District reversed, finding that "the right to have contractual obligations performed is distinct from the right to be free from tortious behavior preventing collection of a judgment." *Id*. at 1837.

The situation here is analogous to that in *Brenelli*. Similar to *Brenelli*, Miller first obtained a judgment against S&S Hay and Sauer for breach of contract, conversion, and other common law

claims. In *Brenelli*, the second action sought to protect the plaintiff's "right to be free from the shareholders' tortious conduct which unfairly deprived it of the value of its judgment." *Id*. Likewise, Miller brings the instant action to protect his right to be free from Defendants' alleged wrongful conduct that unfairly prevents him from collecting the judgment.

"In addition, the proof required at trial will differ considerably from that required in the prior suit." *Id*. While, in the prior suit, Miller had to establish a breach of the provisions of his contract with S&S Hay and Sauer, here, he will need to show Defendants engaged in unfair, unlawful, and/or fraudulent business practices to wrongfully deprive him of the value of the default judgment. "Thus, the present action simply 'rests upon a completely separate set of facts.'" *Id.* (quoting *Sawyer v. First City Fin. Corp.*, 124 Cal. App. 3d 390, 402 (1981)).[2]

Based on the allegations in Miller's first amended complaint, the Court finds that the doctrine of res judicata does not preclude his cause of action under the UCL. Accordingly, Defendants' motion to dismiss Miller's first amended complaint on the basis of res judicata is DENIED.

However, in accordance with the concerns this Court expressed in its order on Defendants' motion to dismiss Miller's original complaint, this Court limits its holding to this matter and these facts alone. This Court again clarifies that the UCL may not be used essentially to enforce prior judgments.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] The court in *Brenelli* also heavily relied on *Sawyer*, which similarly held that a prior judgment on a plaintiff's breach of contract claim did not preclude a later action alleging a conspiracy among the same defendants to conduct a sham foreclosure sale. 29 Cal. App. 4th at 1836-37 (citing *Sawyer*, 124 Cal. App. 3d at 402).

1. DENIES Defendants S&S Hay, Skye Sauer, and Ari Schiff's motion to dismiss Plaintiff William Jake Miller's first amended complaint; and

2. ORDERS Defendants S&S Hay, Skye Sauer, and Ari Schiff to file an ANSWER to Plaintiff William Jake Miller's first amended complaint no later than July 16, 2013 pursuant to Fed. R. Civ. P. 7(a), 12(a)(1).

IT IS SO ORDERED.

Dated:   **June 24, 2013**                    **/s/ Lawrence J. O'Neill**
                                                                                    UNITED STATES DISTRICT JUDGE