# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAKE MILLER,<br><br>  Plaintiff,<br><br>  v.<br><br>S&S HAY COMPANY, SKYE SAUER, and ARI SCHIFF,<br><br>  Defendants. | 1:12-CV-01796-LJO-SMS<br><br>**ORDER ON MOTION TO STRIKE**<br>(Doc. 39) |

## INTRODUCTION

On November 2, 2012 Plaintiff William Jake Miller ("Miller") brought this action for violation of the California Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code §§ 17200, et seq. against Defendants S&S Hay Company ("S&S Hay"), Skye Sauer ("Sauer"), and Ari Schiff ("Schiff") (collectively "Defendants"). On March 27, 2013 this Court granted with leave to amend Defendants' motion to dismiss Miller's complaint. Miller filed a first amended complaint on April 14, 2013. On June 24, 2013, this Court denied Defendants' motion to dismiss Miller's amended complaint. Defendants filed an answer on July 8, 2013. On July 26, 2013, Miller filed the instant motion to strike portions of Defendants' answer. For the reasons discussed below, the Court GRANTS in part and DENIES in part Miller's motion to strike.

## BACKGROUND

On October 26, 2009, Miller obtained a default judgment in Kings County Superior Court against S&S Hay and Sauer for $112,750 plus interest and costs on claims of breach of oral contract, intentional and negligent misrepresentation, false promise, and conversion.

1

Case 1:12-cv-01796-LJO-SAB   Document 46   Filed 08/30/13   Page 2 of 6

S&S Hay and Sauer have not paid any of the judgment, and Miller has been unable to collect on the judgment. Miller alleges that Sauer and Schiff have taken affirmative steps to wrongfully prevent Miller from collecting on the judgment. Specifically, Miller alleges that, following service of the default judgment, S&S Hay stopped doing business in California and then stopped doing business altogether to prevent the attachment of any of S&S Hay's funds or any funds payable to S&S Hay. In addition, Sauer was removed from S&S Hay some two weeks after Miller domesticated and instituted collection proceedings in Arizona. Miller also alleges that fifteen business entities pertaining to one or more of the Defendants were formed following the default judgment. This includes entities in Wyoming and Montana, to which Defendants could divert income and assets outside of the states where Miller had domesticated the judgment.

On November 2, 2012, Miller initiated this action for violation of the UCL, Cal. Bus. and Prof. Code §§ 17200, et seq., against Defendants in this Court on the basis of diversity jurisdiction. Defendants filed a motion to dismiss on January 7, 2013. This Court granted with leave to amend Defendants' motion to dismiss Miller's complaint on the basis of res judicata on March 27, 2013. Miller filed an amended complaint on April 14, 2013. On June 24, 2013, this Court denied Defendants' motion to dismiss Miller's amended complaint. Defendants filed an answer on July 8, 2013. Miller filed the instant motion to strike two affirmative defenses and reservation of sanctions request from Defendant's answer on July 26, 2013, and Defendants filed a response on August 9, 2013.

## DISCUSSION

### Motion to Strike

**A.   Legal Standard**

Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010) (internal quotation and citation omitted). When a court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Sec. Lit.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000). A court

2

must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action. *Id*. Motions to strike are generally disfavored, but are proper when a defense is insufficient as a matter of law. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1057 (5th Cir. 1982); *see*, *Memorex Corp. v. International Business Mach. Corp*., 555 F.2d 1379 (9th Cir. 1977).

To determine that a defense is insufficient as a matter of law, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *E.E.O.C. v. Interstate Hotels, LLC*, 2005 WL 885604 at *1 (N.D. Cal. Apr.14, 2005) (citing *Colaprico v. Sun Microsystems, Inc*., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991); *SEC v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995)). A defense is also insufficient if it does not provide the plaintiff with "fair notice of the defense." *Wyshack v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); Fed. R. Civ. P. 8(c).

Moreover, in the Ninth Circuit, "motions to strike are proper if striking part of a pleading would make trial less complicated or otherwise streamline the ultimate resolution of the action." *Mattox v. Watson*, 2007 WL 4200213 (C.D. Cal. Nov. 15, 2007) (citing *Sidney-Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983)).

**1. Analysis**

Miller challenges Defendants' first affirmative defense, Defendants' general reservation of affirmative defenses, and Defendants' request for sanctions in Defendants' answer.

**i. Failure to State a Claim**

Defendants' first affirmative defense alleges that Miller's amended complaint fails to state a claim. "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true. In contrast, denials of allegations in the complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." *G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284, at *5 (N.D. Cal. Sept.23, 2010). For this reason, as a technical matter, asserting that the complaint fails to state a claim is an argument that there is a defect in the plaintiff's prima facie case, which is not an affirmative defense.

On the other hand, Fed. R. Civ. P. 12(h)(2) provides that the defense of failure to state a claim may be made in any pleading permitted or ordered under Rule 7(a), which includes the answer. District courts are split over whether an assertion of a failure to state a claim should be stricken as an affirmative defense. *Compare*, *J & J Sports Prods., Inc. v. Vizcarra*, 2011 WL 4501318, at *3 (N.D. Cal. Sept.27, 2011) *and Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010) (striking defense, noting that failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not as an affirmative defense), *with Valley Community Bank v. Progressive Cas. Ins. Co.*, 2011 WL 1833116, at *3 (N.D. Cal. May 13, 2011) (denying motion to strike failure-to-state-claim defense as one that may be raised in any pleading under Rule 12(h)(2)) *and Robinson v. Adams*, 2009 WL 4042894, at *1 (E.D. Cal. Nov.20, 2009).

This Court previously denied Defendants' motion to dismiss Miller's amended complaint for failure to state a claim on the basis of res judicata. However, nothing in the pleadings would prevent Defendants from asserting that Miller's amended complaint fails to allege the essential elements for Miller's claim, or arguing that the complaint fails to state a claim for other reasons. Further, Rule 12(h) expressly provides for the assertion of failure of state a claim in the answer where an answer is required. Therefore, Miller's motion to strike Defendants' first affirmative defense is DENIED.

**ii.     Reservation of Affirmative Defenses**

In their answer, Defendants generally assert that, "these answering Defendants also allege each and every affirmative defense that may be suggested by facts hereafter discovered or disclosed in this case, whether or not those defenses are enumerated in Rule 8(c)."

"An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself." *Solis v. Zenith Capital, LLC*, 2009 WL 1324051 (N.D. Cal. May 8, 2009) (citing *Reis Robotics U.S.A., Inc. v. Concept Indus., Inc.*, 462 F.Supp.2d 897, 907 (N.D. Ill. 2006)). "Instead, if at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure." *Id*. "Defendants cannot avoid the requirements of Rule 15 simply by 'reserving the right to amend or supplement their affirmative defenses.'" *Id*. Moreover, Defendants' general assertion of possible additional affirmative defenses provides virtually no notice or indication of the defenses to Miller. *Wyshack*, 607 F.2d at 827. Therefore, Defendants' blanket

reservation of affirmative defenses is STRICKEN as insufficient as a matter of law.

### iii. Sanctions

Finally, Defendants state in their answer that they "may also claim entitlement to recover any excess costs, expenses and attorney's fees reasonably incurred as a result of conduct unreasonably and vexatiously multiplying the proceedings in this case, pursuant to 28 U.S.C. § 1927."

Sanctions under § 1927 may be imposed when: 1) the attorney unreasonably multiplied the proceedings; 2) the attorney's conduct was unreasonable and vexatious; and 3) the conduct resulted in an increase in the cost of the proceedings. 28 U.S.C. § 1927; *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). Sanctions under § 1927 require a finding of recklessness or bad faith. *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc*., 210 F.3d 1112, 1118 (9th Cir. 2000).

Nothing in the pleadings indicates that Miller's attorney has acted recklessly or in bad faith, or that he has unreasonably multiplied proceedings. Rather, the communication between counsel shows that Defendants' attorney, now withdrawn, employed an uncooperative tone. However, nothing prevents Defendants from later asserting, with supporting evidence, that Miller's attorney acted in bad faith and unreasonably multiplied proceedings. As Miller's attorney notes, sanctions under that provision can only be awarded based on prior notice and opportunity for a hearing. *See*, *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 638 (9th Cir. 1987) ("Notice and a hearing should precede imposition of a sanction under § 1927.") (citing *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983)). Moreover, Miller fails to show, based on the pleadings, that any potential future claim for § 1927 sanctions would be "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Therefore, Miller's motion to strike Defendants' reservation of a claim for § 1927 sanctions is DENIED.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court:

1. DENIES Plaintiff William Jake Miller's motion to strike Defendants S&S Hay Company, Skye Sauer, and Ari Schiff's affirmative defense of failure to state a claim;

  2. GRANTS Plaintiff Miller's motion to strike Defendants S&S Hay Company, Sauer, and Schiff's blanket reservation of affirmative defenses and strikes the blanket reservation of affirmative defenses with prejudice and without leave to amend; and

  3. DENIES Plaintiff Miller's motion to strike Defendants S&S Hay Company, Sauer, and Schiff's reservation of a claim for sanctions under 28 U.S.C. § 1927.

IT IS SO ORDERED.

Dated:  **August 30, 2013**    /s/ Lawrence J. O'Neill
                UNITED STATES DISTRICT JUDGE