UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAKE MILLER, individually and dba MILLER HAY CO.,<br><br>**Plaintiff,**<br><br>v.<br><br>S&S HAY CO., et al.,<br><br>**Defendants.** | 1:12-cv-1796-LJO-SMS<br><br>**ORDER TO SHOW CAUSE RE JURY TRIAL** |

A jury trial is set for this case on November 4, 2014. Doc. 58. Plaintiff's sole claim against Defendants concerns an alleged violation of Cal. Bus. & Prof. Code § 17200 et seq., also known as the Unfair Competition Law ("UCL"). *See* Doc. 58 at 2-3. The Pretrial Order in this case called upon the parties to confirm by October 6, 2014, whether they demanded a jury trial in this matter. Doc. 58. Plaintiff requested a jury trial; Defendant did not respond.

On October 21, 2014, Plaintiff filed a statement of claims pursuant to this Court's October 17, 2014 order regarding Plaintiff's motions in limine (Doc. 61). Doc. 65. In his statement of claims, apparently in response to correspondence from Defendants questioning Plaintiff's right to a jury trial, Plaintiff asserts "that the defendants have waived any . . . objections to the pretrial order by failing to [object] in a timely manner, including any objection to the plaintiff's request for a jury trial." *Id.* at 1. Plaintiff contends that "this District has recently held that an objection to a plaintiff's requested jury trial under the [UCL] needs to be made clearly and appropriately," Doc. 65 at 1-2 (citing *Guilfoyle v. Dollar Tree Stores, Inc.*, No. 12-cv-703-GEB-CKD, 2014 WL 66740 (E.D. Cal. Jan. 8, 2014)), and notes that "[c]ourts in this District have also scheduled jury trials in cases including [UCL] claims." *Id.* at 2 (citing *ACF Western USA, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 12-cv-182-BAM, 2012 WL 5838865, at

1

*1 n.3 (E.D. Cal. Nov. 16, 2012).

Plaintiff's filing has brought to the Court's attention the issue of whether a UCL claim is properly submitted to a jury given that there is no right to a jury trial for a UCL claim. *See Hodge v. Superior Court*, 145 Cal. App. 4th 278, 284-85 (2006). Pursuant to Fed. R. Civ. P. 39(c)(2), "[i]n an action not triable of right by a jury, the court, on motion or on its own . . . may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right." (Emphasis added.) Even if Defendants' failure to object to a jury trial can be construed as a waiver of any objection to a jury trial and assuming such waiver constituted consent for purposes of Rule 39, no party has moved for a jury trial in this case. Moreover, even if consent had been formalized and the parties had filed an appropriate motion, the Court is unaware of any authority requiring the Court to empanel a jury to hear a claim for which there is no jury right. According to the submissions of the parties, this case should take no more than a single court day to try before the Court. Selecting a jury would utilize an additional half-day of Court time, not to mention the expense of seating a jury as well as the inconvenience caused to the jurors and the jury pool.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE IN WRITING on or before 2:00 pm on Monday, October 27, 2014, why this Court should empanel a jury to hear his UCL claim under the present circumstances.

IT IS SO ORDERED.

Dated:   **October 23, 2014**             /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE